## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY AMADO | : | |
| 15673 West Coronado Road | : | |
| Goodyear, AZ 85395 | : | JURY DEMANDED |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| TARGET DISTRIBUTION CENTER | : | |
| 3001 Archer Drive | : | |
| Chambersburg, PA 17202 | : | |
| | : | |
| And | : | |
| | : | |
| TARGET CORPORATION | : | |
| 1000 Nicollet Mall | : | |
| Minneapolis, MN 55403 | : | |
| | : | |
| Defendants | : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.     Plaintiff, ANTHONY AMADO (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.     Defendant, TARGET DISTRIBUTION CENTER (hereinafter "TDC") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned address.

3.     Defendant, TARGET CORPORATION (hereinafter "Target") is a business corporation organized by and operating under the laws of the State of Minnesota and having a corporate headquarters at the above captioned address. Both Defendants are hereinafter collectively referred to as "Defendants".

4.    At all times material hereto, Defendants qualified as Plaintiff's employer pursuant to the Americans with Disabilities Act, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

5.    This action is instituted pursuant to the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

6.    Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.    Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

8.    Plaintiff has exhausted his administrative remedies prior to bringing this civil rights claim.  [Exh. A.]

9.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

## II.  Operative Facts.

10.    On or about October 1, 2017, Defendants hired Plaintiff as a Senior Operating Manager for their Chambersburg, Pennsylvania distribution center warehouse.

11.    At all times material hereto, Plaintiff was diagnosed with severe anxiety and depression, which had previously not affected nor hindered his ability to do his job.

12.    In the course of his employment, Plaintiff came under the direction of a Senior Human Relations Manager Randy Chacon.

13.     In or around May of 2019, Plaintiff suffered a decompensation in his mental health that required he take a medical leave from work.

14.     Plaintiff applied for and was subsequently approved for FMLA leave beginning May 27, 2019 with a return to work date of July 15, 2019.

15.     During his FMLA leave, Plaintiff was contacted several times by Mr. Chacon to inquire as to his return to work date.

16.     On July 15, 2019, Plaintiff reported to work as scheduled and was immediately summoned to a meeting.

17.     During this meeting, Defendants informed Plaintiff his employment was being terminated, specifically for "ineffective leadership."

18.     At the time of his termination, Plaintiff had no problems with respect to his work performance or conduct, and additionally, his department's scores, productivity and safety records were all excellent.

19.     No further clarification was provided to Plaintiff; however, Defendants provided a different reason for termination to the Commonwealth of Pennsylvania.

20.     Defendants informed the Pennsylvania Unemployment Compensation Board that Plaintiff had been fired for conduct and "workplace violence", stemming from a purported complaint that Plaintiff had "cursed at" an employee, a fact that was patently false.

21.     At all times material hereto, Defendants were hostile to Plaintiff's diagnosed medical condition and need to take FMLA leave, and terminated him as a result of that animus.

22.      As a direct and proximate result of Defendants' conduct in terminating Plaintiff, he sustained great economic loss, future lost earning capacity, lost opportunity, loss of future

wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

## COUNT I– AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)
### (Plaintiff v. Defendants)

23.    Plaintiff incorporates paragraphs 1-22 as if fully set forth at length herein.

24.    At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

25.    Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

26.    Defendants are an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

27.    At all times material hereto, Plaintiff had a qualified disability, as described above.

28.    Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of his disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

29.    As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, liquidated damages as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained

work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

30.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

31.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

## COUNT II – VIOLATION OF FMLA—RETALIATION
### (29 U.S.C. §2601 et seq.)

32.     Plaintiff incorporates paragraphs 1-31 as if fully set forth at length herein.

33.     As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

34.     As described above, Defendants terminated Plaintiff's employment, an adverse action, in retaliation for his exercising her rights to take FMLA leave.

35.     Defendants' motivation in terminating Plaintiff's employment was based, in part, upon his application and utilization of FMLA leave.

36.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

37.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

38.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq

Plaintiff demands attorneys fees and court costs.

### COUNT IV—PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A. §951, et seq.
### (Plaintiff v. Defendants)

39.     Plaintiff incorporates paragraphs 1-38 as if fully set forth at length herein.

40.     As set forth above, Plaintiff is a member of a protected class.

41.     Defendants terminated Plaintiff's employment.

42.     As set forth above, a motivating factor in the decision to terminate Plaintiff's

employment is Plaintiff's disability.

43.     Plaintiff suffered disparate treatment in the manner in which he was terminated as

compared to similarly situated able-bodied employees, who received more favorable treatment

by Defendants.

44.     As such, Defendants violated the Pennsylvania Human Relations Act, 43

Pa.C.S.A. §951, et seq.

45.     As a proximate result of Defendants' conduct, Plaintiff sustained significant

damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss,

loss of opportunity, and a permanent diminution of earning power and capacity and a claim is

made therefore.

46.     Plaintiff demands attorneys' fees and court costs.


**IV.  Relief Requested.**

**WHEREFORE,** Plaintiff, ANTHONY AMADO demands judgment in his favor and against Defendants, TARGET DISTRIBUTION CENTER and TARGET CORPORATION, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B.  Punitive damages;

C.  Liquidated damages;

D.  Attorneys fees and costs of suit;

E.  Interest, delay damages; and,

F.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Anthony Amado

Date:_ 11/12/2020

# EXH. A

EEOC Form 161 (11/16)

## U.S. Equal Employment Opportunity Commission

---

# Dismissal and Notice of Rights

---

| To: **Anthony Amado**<br>**941 Brandon Drive**<br>**Chambersburg, PA 17201** | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |
|---|---|

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-03613** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9700** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Jamie R. Williamson*

08/14/20

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

cc: **Christopher Jordan**
**Lead Employee Relations Paralegal**
**TARGET CORPORATION**
**33 South Sixth St.**
**CC-3500**
**Minneapolis, MN 55402**

**Baird, Graham**
**2 Penn Center, Suite 1240**
**1500 Jfk Blvd**
**Philadelphia, PA 19102**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***